14-426
*Weng v. Lynch*

BIA
Sichel, IJ
A089 255 577
A076 143 153

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand fifteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
 *Circuit Judges.*

_____

LI YU WENG, HUI ZHOU,
 *Petitioners,*

v.                                                    14-426
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
 *Respondent.*

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

1

**FOR PETITIONER:**          Joshua E. Bardavid, New York, New York.

**FOR RESPONDENT:**      Joyce R. Branda, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Ann M. Welhaf, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Yu Weng and her husband, Hui Zhou, natives and citizens of the People's Republic of China, seek review of a February 5, 2014, decision of the BIA affirming an April 27, 2012, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Yu Weng, Hui Zhou*, Nos. A089 255 577, A076 143 153 (B.I.A. Feb. 5, 2014), *aff'g* Nos. A089 255 577, A076 143 153 (Immig. Ct. N.Y. City Apr. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Weng's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the inherent implausibility of aspects of Weng's claim and discrepancies in her evidence.

3

Substantial evidence supports an implausibility finding if, as is the case here, "the reasons for [the IJ's] incredulity are evident" and "tethered to the record evidence." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Weng claimed that she began practicing Falun Gong after she was diagnosed with diabetes, and that her practice alleviated her symptoms. Weng testified that authorities arrested and detained her for five days, during which they beat her and gave her very little food and water. Weng also testified that while she was detained, she did not notice any diabetes symptoms. After she was released, she testified that she did not see a doctor about her diabetes, despite feeling "greatly uncomfortable" because: she saw a different doctor regarding the injuries she sustained while detained; her diabetes doctor was far away; and she thought that when her bruises cleared up, she would feel fine. When asked why she did not go to her diabetes doctor after her injuries healed and she still did not feel well, Weng answered that she did not know.

The agency's adverse credibility finding was further supported by inconsistencies in Weng's evidence and testimony. Weng claimed that her friend who introduced her to the practice

4

of Falun Gong was arrested and detained for one month in China. Weng initially testified that she did not learn about the arrest until after she left China, but then testified that she learned about the arrest before leaving China. When asked about the discrepancy, Weng explained that she was nervous, an explanation the agency was not compelled to accept. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Additionally, Weng gave discrepant reasons for why she had not submitted medical documents regarding her diabetes: her mother attempted to go to the clinic to get the records but could not find it; the medical records were in her home in China and her mother could not find them there; and her mother went to the clinic, and the clinic staff told her that its practice was to destroy all medical records shortly after seeing the patient. Weng's explanation was that she had meant to say that her mother could not find the evidence, not that she could not find the clinic. Weng submitted a letter from her mother, but it made no mention of efforts to obtain Weng's medical documents.

Because the REAL ID Act permits the agency to base a credibility finding on the plausibility of an asylum applicant's account and inconsistencies in her statements

regardless of whether they go to the heart of her claim, the totality of the circumstances supports the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Weng's life or freedom depended upon her credibility, the agency's finding that she was not credible prevents her from prevailing on her claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk